UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- x
IN RE :                                  :
                                         :         Jointly Administered
TEXACO INC.                              :         Chapter 11 Case Nos.
TEXACO CAPITAL INC.                      :         87 B 20142 (RDD)
TEXACO CAPITAL, N.V.,                    :         87 B 20143 (RDD)
                                         :         87 B 20144 (RDD)
          Reorganized Debtors.           x
TEXACO INC.,                             :

          Movant,                        :
-against-
                                         :
Kling Realty Company, Inc.; Walet
Planting Company; Kathleen Walet         :
Heitkamp; Deanna Cecil Walet Gondron;
Merlin P. Walet Jr.; Herman Charles      :
Walet; Pliny Charles Walet II; Charlene
Ann Walet; Carolyn Marie Walet; Arthur   :
Stern; J. D. Mier; Sally A. Mier; Muriel
O. Levinson; Thomas J. Levinson;         :
Richard Levinson; Ann C. Martinez;
Kathryn S. Ceja; Brenda S. Bush; David   :
L. Stern; Michael L. Snur; Cary S.
Solomon; Amy F. Tilley; William A.       :
Snur; Drew M. Lerner; Douglas P.
Lerner; Reid S. Lerner; and J. Lionel
Kling Trust
                                         :
          Respondents.                   x

**ORDER GRANTING MOTION OF TEXACO INC. FOR ORDER (i)
REOPENING TEXACO'S CHAPTER 11 CASE, (ii) ENFORCING
CONFIRMATION ORDER DATED MARCH 23, 1988, (iii) FINDING
RESPONDENTS IN CIVIL CONTEMPT OF 11 U.S.C. § 524(a)(2)
AND CONFIRMATION ORDER, AND (iv) DIRECTING
RESPONDENTS TO DISMISS THEIR DISCHARGED CLAIMS
AGAINST TEXACO INC. IN THE LOUISIANA ACTIONS**

Upon the motion, dated May 14, 2009 (the "<u>Motion</u>"), of Texaco Inc. ("<u>Texaco</u>"),

as reorganized debtor, for an order (i) reopening its chapter 11 case, (ii) enforcing the

confirmation order dated March 23, 1988 (the "<u>Confirmation Order</u>"), (iii) finding

respondents in civil contempt of 11 U.S.C. § 524(a)(2) and the Confirmation Order, and (iv) directing respondents to dismiss their discharged claims against Texaco in the Louisiana Actions,[1] all as more fully set forth in the Motion and accompanying Memorandum of Law; and the Court having subject matter jurisdiction to consider the Motion and the relief requested therein; and due and proper notice of the Motion having been provided; and the Court having reviewed and considered the Motion and all responsive or additional pleadings filed by the Respondents (as defined below) and Texaco (collectively, the "Pleadings"); and a hearing having been held before this Court on January 28, 2010; and the Court having admitted into evidence and considered (i) the stipulation, dated January 21, 2010, between Texaco and the Respondents setting forth certain undisputed facts (the "Stipulation"), (ii) the documents contained in the Joint Bench Book (as defined in the Stipulation), and (iii) the exhibits attached to the Pleadings; and for the reasons specified in this Court's bench ruling of May 28, 2010, a corrected copy of which is attached as Exhibit A hereto; and the Court having considered the Respondents' proposed form of order and request for entry thereof, set forth in the letter of William E. Steffes, Esq. to chambers dated July 7, 2010, and Texaco's response thereto, set forth in the letter of Martin J. Bienenstock, Esq. to chambers dated July 12, 2010; and the Court having concluded that the additional relief requested by the Respondents in the July 7, 2010 letter would constitute advisory relief that is not appropriate to grant; therefore, it is hereby:

    **ORDERED** that Texaco's Motion is granted to the extent set forth below; and it

---

[1] The Motion initially sought relief as to the action captioned *Kling Realty Company, Inc., et al. v. Texaco Inc., et al.*, Case No. 6:06CV1492 (W.D. La.) ("Kling I"), as well as the Louisiana Action/Kling II (as defined below), but Kling I was dismissed by a final order of the United States Court of Appeals for the Fifth Circuit. Accordingly, the relief sought by the Motion as to Kling I was rendered moot.

is further

**ORDERED** that the above-captioned chapter 11 case is reopened for the limited purpose of enforcing the discharge injunction, the Confirmation Order and the other orders of this Court, including the bar date order; and it is further

**ORDERED and FOUND** that all the claims and/or causes of action asserted by the above-named respondents (the "Respondents") in *Kling Realty Company, Inc., et al. v. Chevron U.S.A., Inc., et al.*, Docket No. 110623, Div "D" in the 16th Judicial District Court, Parish of Iberia, where it remains pending (the "Louisiana Action/Kling II") were discharged in accordance with the Confirmation Order and barred by the bar date order; and it is further

**ORDERED** that, upon this Order becoming final and non-appealable, Respondents shall promptly dismiss all such claims and/or causes of action against Texaco and its alleged successors in the Louisiana Action/Kling II, with prejudice; and it is further

**ORDERED** that Respondents are forever enjoined from commencing or continuing any action or otherwise acting to assert any of such claims and/or causes of action asserted against Texaco and its alleged successors in the Louisiana Action/Kling II; and it is further

**ORDERED** that the "Alternative Counter-Motions for Relief" requested by the Respondents in their Response to Texaco's Motion and Alternative Counter-Motions, dated August 10, 2009, are hereby denied in their entirety, with prejudice; and it is further

**ORDERED** that the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: August 3, 2010
       White Plains, New York

/s/Robert D. Drain
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE